FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 MAR -4 AM 10: 21
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON ANTOINE GAITHER, *

    Petitioner, *

                                      Civ. Action No. RDB-16-2043

v. * Crim. Action No. RDB-03-0456

UNITED STATES OF AMERICA, *

    Respondent. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In December 2004, the grand jury returned a Superseding Indictment charging Petitioner Damon Antoine Gaither ("Petitioner" or "Gaither") with participating in an armed robbery and shooting death in Baltimore, Maryland. Gaither pled guilty to Count Six of the Superseding Indictment, which charged him with using and carrying firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Count One of the Superseding Indictment—conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a)—supported the § 924(c) charge. In the plea agreement, Gaither stipulated and agreed that he committed conspiracy to commit Hobbs Act Robbery. Nevertheless, pursuant to the plea agreement, Count One and all other Counts asserted against Gaither, except Count Six, were dismissed. On June 1, 2005, the Honorable William D. Quarles, Jr. of this Court[1] sentenced Gaither to 276 months imprisonment and imposed a supervised release term of five years. (Judgment, ECF No. 77.)

---

[1] On June 13, 2016, this case was reassigned from the Honorable William D. Quarles, Jr. to the undersigned.

1

Now pending before this Court is Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 84). Petitioner seeks vacatur of his § 924(c) conviction and immediate release from prison. Section 924(c) imposes an additional term of incarceration upon "[a]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A). A "crime of violence" is defined as a federal offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A) & (B).

Subsection A is commonly known as the "force clause" while Subsection B is called the "residual clause." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Recently, the United States Supreme Court declared that the "residual clause" is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Accordingly, the underlying "crime of violence" supporting a § 924(c) charge must satisfy the force clause, § 924(c)(3)(A). In his plea agreement, Gaither and the Government stipulated that the "crime of violence" underlying the § 924(c) charge was conspiracy to commit Hobbs Act robbery. As all acknowledge, this offense does not qualify as a crime of violence under the force clause. *Simms*, 914 F.3d at 233.

The parties have shifted positions concerning the proper disposition of this case. In their original filings, the parties agreed that the § 924(c) charge must be vacated, but disputed the proper disposition following vacatur. Petitioner sought his immediate release from prison. The Government resisted that request and urged this Court to substitute a conviction for

2

conspiracy to commit Hobbs Act robbery in place of the § 924(c) conviction. On March 3, 2020, the parties submitted correspondence to this Court (ECF No. 103) indicating that they had agreed to resolve the case. The parties will enter into a plea agreement pursuant to which Gaither will plead guilty to a one-count Criminal Information charging him with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed to a 240-month sentence. With these conditions in place, the parties consent to vacatur of this Court's judgment regarding Defendant's previous conviction on Count Six of the Superseding Indictment.

Courts within this Circuit have reached different dispositions in cases such as this one, in which the Defendant has pled guilty to a § 924(c) charge and the predicate offense supporting the charge no longer qualifies as a "crime of violence" as a result of *Davis* and *Simms*. In *Brown v. United States*, 3:16-cv-310-RJC, 2020 WL 437921, at *3 (W.D.N.C. Jan. 28, 2020), Judge Robert J. Conrad of the Western District of North Carolina vacated a defendant's two convictions under § 924(c), denied the Government's request to substitute another offense for the § 924(c) convictions, and ordered the Defendant's immediate release from custody. In *Jackson v. United States*, 1:16-cv-00158-MR, 2019 WL 4274461 (W.D.N.C. Sept. 10, 2019) Judge Martin Reidinger, also of the Western District of North Carolina, reached a different result. In that case, Judge Reidinger vacated a § 924(c) conviction based on *Davis* and *Simms* but allowed the Government to reinstate a charge dismissed pursuant to the parties' plea agreement, reasoning that the purpose of the agreement had been frustrated. *Id.* at *3.

The issue of whether it is appropriate to reinstate dismissed charges following vacatur of a § 924(c) conviction is now pending before the United States Court of Appeals for the

3

Fourth Circuit. In *United States v. Johnson*, --- F. Supp. 3d ---, 2019 WL 6242174 (E.D. Va. Nov. 22, 2019), Judge Henry E. Hudson vacated Petitioner's § 924(c) conviction based on *Davis* and *Simms*. Like Judge Reidinger of the Western District of North Carolina, Judge Hudson held that the Government was no longer bound by the plea agreement because the purpose of the agreement had been frustrated by the Petitioner's successful Motion to Vacate. *Id.* at *6-9. Additionally, the Court granted the Government' request to reinstate dismissed charges pursuant to 18 U.S.C. § 3296. *Id.* at *9. The parties subsequently filed cross appeals to the Fourth Circuit, consolidated under Docket No. 19-7771. Defendant Cordarrell Johnson's opening brief is due today, March 4, 2020. (*United States v. Cordarrell Johnson*, No. 19-7771 (4th Cir.), ECF No. 12.)

This controversy will soon be resolved by the Fourth Circuit. As a result of the parties' agreed disposition in this matter, this Court need not resolve the various issues presented in cases like *Johnson*. Accordingly, it is HEREBY ORDERED this 4th day of March, 2020, that:

1. This Court will conduct a hearing on **Tuesday, May 26, 2020 at 2:00 p.m.** to consider the parties' agreed disposition;

2. Until such time, Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 84) remains pending;

3. The Motions Hearing scheduled for Thursday, March 5, 2020 at 4:00 p.m. is cancelled; and

4. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge

4